# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| **JERRY HARRIS,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-04075-SEM |
| ) | |
| **TYRONE BAKER** *et al.*, ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 10) under 42 U.S.C. § 1983 filed by Plaintiff Jerry Harris, an inmate at Menard Correctional Center. Plaintiff's amended pleading is dismissed for failure to state a claim for relief. Consequently, the Court dismisses Plaintiff's case without prejudice, concluding that any further amendments would be futile.

## I. BACKGROUND

Plaintiff's initial pleading alleged violations at Hill Correctional Center against Warden Tyrone Baker, Mail Room Supervisor Laura Henson, and Internal Affairs Officer Roy L. Little.

Specifically, Plaintiff's initial complaint concerned mail sent to him that contained cards infused with a substance that, upon later testing, indicated the presence of Fentanyl. (Pl. Compl., Doc. 9 at 2-3.) Plaintiff asserted that Defendant Little authored a false disciplinary report and Defendants Baker and Henson, acting "in concert" with Little, deprived him of his constitutional rights. (*Id.* at 6:5.) In this regard, Plaintiff claimed that no evidence existed that he was involved with the mail sent and called into question the reliability of the drug testing kit. (*Id.* at 3.)

The Court dismissed the pleading, finding Plaintiff's conclusory assertions regarding Defendants' alleged conspiracy to violate his constitutional rights did not provide the required specificity to state a claim against Defendants Baker, Henson, or Little, and Plaintiff's assertion that Little submitted a false disciplinary report was insufficient to state a constitutional violation given the provided record. (*Id.*)

Despite the dismissal, the Court granted Plaintiff additional time to file an amended pleading, which is before the Court for screening. (*Id.* at 7.)

## II. AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

On March 19, 2024, Plaintiff was escorted to restrictive housing. On March 25, 2024, Plaintiff was served a disciplinary report written by Defendant Little for violating the rule against drugs and drug paraphernalia. (Pl. Amend. Compl., Doc. 10 at 2; Disc. Rpt., Doc. 1-1 at 12-13.) Defendant Baker later concurred

with the findings of an Adjustment Committee that determined Plaintiff committed the alleged violation and recommended disciplinary action of C-grade status for one month, segregation for six months, and a disciplinary transfer. (Disc. Rpt., Doc. 1-1 at 13.) Plaintiff asserts that Baker knew he had no connection to the drug-laced mail. (Pl. Amend. Compl., Doc. 10 at 2.) As a result of the disciplinary action, Plaintiff claims he was unable to earn good-conduct credit toward his sentence. (*Id.*)

### C. Analysis

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 10) is granted.

The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.*

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary

proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th

Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

The record shows that Plaintiff appeared before an adjustment committee the day after he was served the disciplinary report, where he pleaded not guilty and provided written and oral statements. The adjustment committee documented its basis for determining that Plaintiff committed the alleged violation and recommended disciplinary action, which did not include the revocation of earned good-time credits. (Cmte. Sum. Rpt., Doc 1-1 at 10.)

However, Plaintiff claims that he was deprived of the opportunity to earn additional good-conduct credits, thereby extending his prison stay. However, good-time credits that have yet

to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A] prisoner] has no due process interest in the opportunity to earn good time credits." (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but that there is no such protection for an action that merely might affect the duration of the sentence))).

Plaintiff also claims that he was subjected to C-grade status and segregation, "despite the fact he did nothing wrong," and C-grade status was not an available sanction for the rule violation he was determined to have violated. (*Id.* at 2-3.)

However, punishments such as "a demotion to C-grade (a loss in privileges), two months in segregation, and . . . transfer [to another correctional facility] . . . raise no due process concerns."

*Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary segregation); *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (concluding that a prisoner does not suffer a deprivation of liberty where, for ninety days, "he was unable to participate in prison programs, educational programs, and work programs; he lost prison employment, wages, contact visits, telephone privileges, visits from clergy, and access to church; and he was allowed fewer visits from family, exercise privileges, commissary privileges, personal possessions, and audio/visual items").

Therefore, because Plaintiff's account does not establish he was deprived of a protectable liberty interest, Plaintiff's amended pleading is dismissed for failure to state a plausible claim for relief. Although the Court has the discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue

delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Accordingly, Plaintiff's case is dismissed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 8) is GRANTED.**

2) **Plaintiff's case is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

3) **The Clerk of the Court is DIRECTED to enter judgment under Fed. R. Civ. P. 58 and record this case as a potential strike against Plaintiff on the Court's three-strikes list under the Prison Litigation Reform Act.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED December 29, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
